# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A- 2218-18T4

NEW JERSEY DIVISION
OF CHILDREN AND FAMILIES,

    Plaintiff-Respondent,

v.

B.C.,

    Defendant-Appellant.

_____

Submitted April 20, 2020 – Decided July 14, 2020

Before Judges Rothstadt and Moynihan.

On appeal from the New Jersey Department of Children and Families, Division of Child Protection and Permanency, Case Id No. 17291358.

Williams Law Group, LLC, attorneys for appellant (Allison C. Williams, of counsel and on the brief; Victoria Danielle Miranda, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Mary C. Zec, Deputy Attorney General, on the brief).

PER CURIAM

Defendant, B.C. the father of a now eleven-year-old son, appeals from the plaintiff's, the Department of Children and Families, Division of Child Protection and Permanency (Division), January 15, 2019 final agency determination that allegations it had received about defendant having abused or neglected his son were "not established." The finding was based upon the Division's investigation that arose after the son arrived at his school with an injury to his head that the child explained was caused by defendant pushing him, which led the child to hit his head against a table.

The Division's January 15, 2019 letter to defendant informing him of the "[n]ot [e]stablished" finding did not state what evidence the Division relied upon in making its decision. The letter advised that "[a] record of the incident [would] be maintained in [the Division's] files. Current law provide[d] that this information may not be disclosed by the Division except as permitted by N.J.S.A. 9:6-8.10[(a)]. A finding of [n]ot [e]stablished [was] not subject to an administrative appeal." It also stated that no "further services" would be provided to the family.

On appeal, defendant argues that the finding of "not established" was arbitrary, capricious, and unreasonable, and therefore, the Division should

A-2218-18T4

vacate the finding and change it to "unfounded," or that the matter be remanded for an administrative hearing. Defendant contends the Division's finding was not supported by any evidence "that the child was harmed or placed at risk of harm by" defendant, other than the child's initial interview where he alleged defendant pushed him. Defendant also relies upon the fact that his son did not need any medical attention. He contends that a finding of "not established" should only be used when parents are determined to be negligent, which he argues is not the case here.

In the alternative, defendant argues that he was entitled to a hearing to challenge the investigatory finding of "not established" to protect his due process rights, as the finding can "be used as an aggravating factor to demonstrate a pattern of abuse or neglect by the alleged perpetrator" and the finding will be in the Division's system forever.

After this appeal was submitted for our consideration, on May 27, 2020, the New Jersey Supreme Court issued its opinion in S.C. v. N.J. Dep't of Children & Families, ___ N.J. ___ (2020), in which it addressed similar contentions under similar circumstances. Addressing, among other issues, the sufficiency of the Division's notice of its determination and the parent's right to an adjudicatory hearing, the Court held that such hearings were not required, id.

at ___ (slip op. at 41-42), but the parent was entitled to "meaningful" notice of the determination that "should include a summary of the support for the finding, and [that] the [Division's] reasoning should be transparently disclosed." Id. at ___ (slip op. at 43). Moreover, the parent must be given an informal "opportunity to rebut the [Division's] conclusion or supplement the record [and] that the informal opportunity to be heard before the agency . . . not [be] illusory." Ibid. Finally, the Court cautioned that when reaching a determination that an allegation of abuse or neglect is "not established," while it may be based upon the current standard that there must be "some evidence" to support the determination, the evidence it relies upon must be "credible evidence." Id. at ___ (slip op. at 44).

Applying those controlling principles here, we now do as the Court did in S.C.: "[W]e remand [this matter] for [defendant] to have the opportunity to rebut or supplement the [Division's] record, after [it] provides greater clarity for its conclusion. The remand will allow development of a proper record that can be reviewed on appeal for abuse of discretion." Id. at ___ (slip op. at 46).

Remanded for reconsideration applying the principles announced in S.C. and for the issuing of a new determination consistent with our opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4

A-2218-18T4